<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS MIDDLEBROOKS,<br><br>  Plaintiff,<br><br>  v.<br><br>K. SALCEDO, et al.,<br><br>  Defendants. | No. 23cv21601 (EP) (CLW)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Travis Middlebrooks, a pretrial detainee in the Bergen County Jail, New Jersey, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 against Defendants Officers K. Salcedo, J. Watkins, Raymond Rodriguez, Guitierez, Nunez, Reyes, and Sergeant Bordamonte for false arrest. D.E. 1 ("Compl." or "Complaint").  Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 8, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the Complaint *without prejudice*.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will **GRANT** Plaintiff leave to amend.

**I.  BACKGROUND**

Plaintiff alleges Defendants falsely arrested him for possession of a gun.  Compl. at 6.  He asserts he did not have the gun in his possession, nor was he inside of the house where the gun was found.  *Id.*  He alleges that there was no warrant to search the "apartment where [he] did not live

at and the person who[']s apartment it was did not get arrested." *Id.* at 6-7.[1] He also states that he was not read his rights when he was arrested and thinks the arrest was racially motivated. *Id.* at 7. He asks the Court to "investigate this matter." *Id.*

## II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil Complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints

---

[1] The Complaint uses both "house" and "apartment" to describe the place searched. Compl. at 6-7. For clarity, the Court will refer to the location of the search as the "residence."

filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. ANALYSIS

#### A. Plaintiff has not stated a false arrest claim

Plaintiff alleges Defendants falsely arrested him for possession of a gun. "'To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause.'" *Williams v. City of York, Pa.*, 967 F.3d 252, 263 (3d Cir. 2020) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). "Probable cause exists if there is a fair probability that the person committed the crime at issue.'" *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (cleaned up). "That determination requires courts to examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Morales v. Maxwell*, 600 F. Supp. 3d 497, 509 (D.N.J. 2022) (internal quotation marks omitted).

Plaintiff has not alleged enough facts that would allow this Court to plausibly infer that Defendants lacked probable cause to arrest him. The Complaint does not provide information about the events leading up to the arrest, for example date, time, Defendants' interactions with Plaintiff, etc., which deprives the Court of the ability to assess the totality of the circumstances. *See D.C. v. Wesby*, 583 U.S. 48, 57 (2018) ("[P]robable cause deals with probabilities and depends on the totality of the circumstances[.]" (internal quotation marks omitted)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

3

to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court will **DISMISS** the Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. The Court will grant Plaintiff leave to amend

Generally, "[a] plaintiff[] who file[s a] complaint[ ] subject to dismissal under [Section 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 45 days to submit a proposed Amended Complaint. The proposed Amended Complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a proposed Amended Complaint within 45 days of the accompanying Order will result in dismissal of all claims with prejudice.

Plaintiff should note that the Amended Complaint will supersede the Complaint. When the Amended Complaint is filed, the Complaint becomes inoperative and cannot be utilized to cure the Amended Complaint's defects unless the relevant portion is specifically incorporated. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The Amended Complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an Amended Complaint that is complete in and of itself. *Id.*

### IV. CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Complaint *without prejudice*. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will **GRANT** leave to amend.

An appropriate Order will follow.

4/29/2024
Date

Evelyn Padin, U.S.D.J.

4